[Decided October 16, 1894.]

## OREGON RY. & NAV. CO. *v.* SWINBURNE.
### [S. C. 38 Pac. 1030.]

1. Service of Notice of Appeal.— Service of a notice of appeal on an agent of a corporation on whom a summons could legally have been served is sufficient.

2. Bonds — Conditions — Evidence — Inferences.— Under a bond binding defendants to repay such reasonable sums as plaintiff should be required to expend in securing a right of way, depot grounds, and terminal facilities, the plaintiff must, in order to recover, show the reasonableness of the amounts paid, and that they have not been repaid; it will not be sufficient to show that some items of expense were reasonable, and ask the jury to infer that the balance of the expenses were also reasonable, the reasonableness of each item must be shown.

3. Evidence.—In an action on a bond conditioned for the repayment of such reasonable sums as plaintiff might be required to expend for lands for certain purposes, a memorandum signed by part of the obligors approving the selection of a particular tract at a designated price is admissible against all the obligors as tending to show that the amount paid was reasonable.

4. Bonds — Railroad Right of Way.— A railroad company to which is given a bond conditioned for the repayment to it of such reasonable sums as it is required to expend for a right of way, without limitations or provisions as to its width, may purchase one of such width as it is accustomed to purchase in the ordinary course of its business.

Appeal from Morrow: W. L. Bradshaw, Judge.

This is, an action by the Oregon Railway and Navigation Company against E. R. Swinburne and some eighty other residents of Morrow County to recover certain moneys claimed to have been expended by plaintiff in securing the right of way and terminal facilities for the branch of its line extending from Willows to Heppner.   The claim is based on the bond set forth below.*   The case was appealed once before, 22 Or. 574, 30 Pac. 322, by plaintiff, but comes now on the appeal of defendants from a judgment of nineteen hundred and seventy-five dollars rendered against them on the retrial.

REVERSED.

*Mr. Alfred S. Bennett* (*Mr. Frank Kellogg* on the brief), for Appellants.

*Mr. J. M. Long* (*Mr. William W. Cotton* on the brief), for Respondent.

*Know all men by these presents: That we (here follows a list of the signatures on the bond), of the county of Morrow and State of Oregon, are held and firmly bound unto the Oregon Railway and Navigation Company, a private corporation organized and existing under the laws of the State of Oregon, in the penal sum of thirty thousand dollars ($30,000) for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents.  Signed with our hands and sealed with our seals, this fourteenth day of April, eighteen hundred and eighty-eight.

The condition of the above obligation is such that,—Whereas, the Oregon Railway and Navigation Company has agreed to construct, equip. and have in operation, on or prior to the first day of January, eighteen hundred and eighty-nine, a branch line of railway starting from some point on its main line on the Columbia River, at or near the mouth of Willow Creek, in Oregon, and running to the town of Heppner, in Morrow County, *via* the town of Lexington, and to establish and maintain all necessary shipping facilities at the town of Lexington, the town of Heppner, and other convenient points along the line of said road; and, to that end, to procure lands for right of way, depot grounds, and terminal facilities along the line of said road, and to pay such sums as may be required for such purposes, and as shall be reasonable, on condition that the amount so expended shall be repaid to it, the said company.

Now, therefore, if the said company shall, in all respects, build, equip, and maintain its said line of road, with stations and shipping facilities, within the time above specified, and do all acts requisite and necessary in the premises, and the parties of the first part shall, upon the performance of said undertaking, pay the said company well and truly, or cause to be paid to the said company all reasonable sums of money by it paid out in the matter of securing a right of way, depot grounds, and terminal facilities for said line of railway, these presents shall be void, otherwise to remain in full force and virtue.

Opinion by Mr. Chief Justice Bean.

1. The motion to dismiss the appeal for want of service of the notice thereof should, we think, be overruled. The service was duly made upon an agent of the plaintiff corporation upon whom a summons could have been legally served, and was, therefore, sufficient.

2. Passing to the merits, it appears that the amount claimed by plaintiff to have been expended by it in securing the right of way referred to in the bond is made up of sundry sums of money claimed to have been paid for rights of way over the lands of different parties along the route of its road, and for attorneys' fees, livery bills, and expenses of right of way agents, amounting, in the aggregate, to the sum of twenty-four thousand and thirty-three dollars, of which seventeen thousand one hundred and four dollars is admitted to have been repaid to it. The answer puts in issue the reasonableness and necessity of each and all of these items, and avers that the aggregate reasonable amount paid or expended by plaintiff in securing said right of way did not exceed fifteen thousand dollars.

To maintain the issues on its part, the plaintiff produced and put in evidence an itemized statement of the amounts paid by it for rights of way and other expenditures connected therewith, and submitted evidence tending to show the general character of the country through which the road passes, how and where the right of way was located, and that certain sums paid therefor were reasonable; but the reasonableness of sundry items in the account amounting to more than seven thousand dollars, was not shown, nor was there any evidence tending to show it, unless it could be inferred from the fact that the same was paid for right of way purposes, and from evidence tending to show the similarity in the situation of

the ground over which the railway was constructed in cases where specific evidence of the reasonableness was given, and that in regard to which no further proof than the fact of payment was offered.   Upon this state of the evidence, all the defendants except J. L. Morrow, who, it seems, had approved the accounts as rendered by the plaintiff, moved the court to direct the jury to return a verdict in their favor, for the reason that the several expenditures made by plaintiff, and which the evidence tended to show were reasonable, did not exceed in the aggregate the amount admitted to have been repaid.   The refusal to so rule is assigned as error.   On the former appeal it was held that under the terms of the bond defendants are liable only for such sums as plaintiff was required to expend for the purposes specified, and which may be found reasonable in each particular instance.   From this construction of the bond it necessarily follows that to en title plaintiff to recover in this action it must not only show the amount paid out by it in securing the right of way, depot grounds, and terminal facilities, but that the several items going to make up its claim against the defendants are reasonable, and that the aggregate thereof amounts to more than has been repaid to it.   This the record shows it did not do, nor attempt to do, and hence we think the court should have instructed the jury as requested by the defendants.   Although certain of the expenditures made by the plaintiff may have been reasonable in amount, we do not think it can be inferred therefrom that all or any of the others were likewise reasonable, nor was a description of the general character of the country through which the road passes, or the location of the line, alone sufficient evidence to enable the jury to determine intelligently or at all whether the several amounts paid for rights of way were reasonable or unreasonable.   The

burden of proof was upon the plaintiff, and it should have given some evidence tending to show the reasonableness of the several amounts which it was required to expend, and for which it seeks to recover in this action.   Not having done so we have no alternative but to reverse the judgment and order a new trial.

3.   This deficiency in plaintiff's evidence may be supplied at the next trial, and it may relieve another question from doubt to say that, in our opinion, the written memorandum signed by a portion of the defendants, in which they approved the location of the depot grounds in Heppner at a cost not exceeding fifty-four hundred dollars, was competent as evidence tending to show that the amount paid therefor by plaintiff was a reasonable expenditure. This writing did not tend to vary the terms of the bond sued upon, nor substitute another agreement therefor.   It did not attempt to fix any liability, or to charge any one with any particular sum, but, in connection with other evidence in the case, simply tended to show the good faith of the plaintiff, and that it paid no more than what was deemed the reasonable value for the land purchased.

4.   Some question was made on the trial as to whether, under the agreement or bond, plaintiff could purchase a right of way more than sixty feet wide, and recover from the defendants the amount paid therefor, even if reasonable.   Without attempting to state or comment upon the particular manner in which this question was raised, it is sufficient to say that in our judgment the plaintiff was authorized to secure a right of way over land of such width as it was accustomed to purchase in the usual and ordinary course of its business in locating and constructing railroads, and for such reasonable sum as it was required to expend therefor the defendants are liable.   It will be observed that the bond contains no limitations or provisions as to the width of the right of way to be secured by the

company, and, in the absence of such limitations, it seems
to us, in view of the circumstances, that the parties must
have contemplated that the railroad company should exer-
cise its judgment, and purchase such a right of way in
width as it was accustomed to purchase in the ordinary
course of its business.   The other questions suggested in
the brief we think are sufficiently covered by this and the
opinion on the former appeal, and need not be further re-
ferred to at this time.   Judgment reversed.

REVERSED.